### JANE FLAGG v. EUGENE ELY.

The discharge and certificate of a bankrupt is no bar to a debt contracted
by means of a breach of trust.

Where F. placed a sum of money in the hands of E. to be loaned out on
bond and mortgage, and took a receipt from him to that effect; and E.,
instead of so doing, used such money in his business and became a bank-
rupt; and to an action brought to recover such money, he pleaded his
discharge, *Held*, that E., by the misapplication of the money, had been
guilty of a breach of trust, and that a debt so contracted is expressly
exempt from the operation of the bankrupt law.

ASSUMPSIT for money had and received.

The plaintiff having lost her husband in the West Indies,
returned to the United States in 1837 with $3,000 in cash and

a claim of $2,500 against the firm of David Rogers & Son, both of which she put into the defendant's hands, for the purpose of having the same invested on bond and mortgage for her in the city of New York, and she took from the defendant a receipt specifying the object of the deposit as above mentioned. It appeared upon the trial that the defendant had collected about $1,000 on the claim against R. & Son, but he had not invested any of it on bond and mortgage. He had used it all in his own business, and for his own benefit, for about five years, during which, however, he had occasionally advanced small sums to the plaintiff, until, in 1842, he failed in business and went into bankruptcy. In this suit for the recovery of the balance of the deposit, the defendant pleaded his bankrupt's discharge, to which plaintiff replied that the debt was contracted in a fiduciary capacity, and therefore not barred by the discharge, and that the discharge was void by reason of fraud in obtaining it, on which issue was joined.

*D. D. Field and J. Bigelow* for plaintiff.

*J. W. Gerard and C. Judson* for defendant.

*The Circuit Judge* charged the jury, that there being no dispute about the receipt of the money by the defendant, or about the terms and conditions on which it had been received, the only question was whether the debt was of such a character as to be within the bankrupt law. If it was not it would be unnecessary to consider the other point of fraud in obtaining the discharge, and the plaintiff would be entitled to a verdict, notwithstanding the discharge.

It was very evident that this was a trust debt — the defendant had received the fund in dispute, solely for the purpose of investing it on bond and mortgage for the benefit of the plaintiff, he had spoken of himself in regard to it as an "executor," and he had declared that "he had made no use of it, but held it as a sacred trust for Mrs. Flagg." There

was nothing in the case to warrant the idea that he was to be at liberty to use it for his private purposes, or to mingle it with his own moneys. He had received it for a particular purpose, and had no right to make any other use of it. If he had made such use of it, the *cestui que trust* might follow it wherever she could find it, and reclaim it. If he had invested it in stocks which had arisen in value, the profit would have been hers and not his; and if, in good faith, he had invested it on bond and mortgage which had fallen in value, the loss would have been hers not his.

This would have been so in these several cases, for the simple reason that she had never consented to part with her property in, or control over, the fund, except for a special purpose, and it would be impossible for the defendant, without her consent, to enlarge that purpose. And if he had made any disposition of the money other than that which she had particularly designated, she would have a right to follow it through its various changes and reclaim it.

Good faith is at the foundation of the dealings between the parties; that good faith forbid the appropriation of the money to any other than the specified purpose, and the law requires that that good faith should be fully maintained. And it is under such circumstances that the question recurs — is this such a debt as is exempt from the operations of the bankrupt law?

It is manifest to me that the statute intended to have especial regard for this good faith to which I have alluded. The first section excepts from the operation of the law all debts " created in consequence of a defalcation as a public officer," thus maintaining good faith to the government, or as " executor, guardian," etc., thus maintaining good faith to the estates entrusted to the petitioner, or " while acting in any other fiduciary capacity," thus maintaining good faith generally to the trust reposed. And the fourth section carries out this idea still farther, by denying the benefit of the statute " any person who after the passing of this act shall apply trust funds to his own use."

The United States Supreme Court seem so to understand the statute. In *Chapman* v. *Forsyth* (2 How. 270), they say it was proper that Congress should not relieve from debts which had been incurred by a violation of good faith, and they declare that the cases enumerated are not cases of implied but special trusts, and "the other fiduciary capacity" mentioned, must mean the same class of trusts. The act speaks of technical trusts, and not of those which the law implies from the contract.

To test this case, then, by the rule which the United States Supreme Court have thus laid down:

Has the debt for which this suit is brought been incurred by a violation of good faith? Clearly so, for the money was put into defendant's hands for the sole and express purpose of investing on bond and mortgage, yet he made a different use of it in violation of good faith.

Was it an implied or a special trust? Clearly a special trust, if any one could be so. He received the money for a specific purpose, plainly defined. If he had received it as an administrator to pay debts; as an executor to pay legacies; as a guardian to maintain and educate an infant; or as trustee to support a marriage settlement, it could not have been more special. A special trust is where the conveyance to the trustee is to answer some immediate and particular purpose (Lewin on Trusts, 4); where a trustee is interposed for the execution of some purpose particularly pointed out, and the trustee is bound to exert himself in the execution of the settler's intention. (Ib.)

It is an obligation upon a person arising out of a confidence reposed in him to apply property faithfully, and according to such confidence. (Willis on Trusts.)

The trustees are bound not to deal with trust property for their own benefit. (Hampson on Trusts, 27.) The object is to preserve the property of the *cestui que trust* from the peculations and other disasters to which, if it were left solely to the discretion of the trustee, it would be subject. (Tomlins.)

Such is the definition of a trust which the Supreme Court

27—vol. 1.

of the United States say is included within the exceptions of the bankrupt law.

And it seems to me that the trust in this case was one of those thus defined. The money was put into defendant's hands to answer an immediate and particular purpose, in regard to which the trustee was to exert himself in execution of the settler's intention, and it was an obligation arising out of a confidence that the trustee would apply the property faithfully according to such confidence.

I am, therefore, under the view of the statute thus taken by the United States Supreme Court, of opinion that the discharge does not bar the debt in this case.

Under this charge the jury found for the plaintiff $3,658.43.

---

### NEW YORK CIRCUIT.
#### MARCH 14, 1846.
Before EDMONDS, Circuit Judge.